# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: K.C.

**No. 15-0664** (Raleigh County 13-JA-225-B & 15-JA-064-B)

**FILED**

November 23, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father M.S., by counsel Adam D. Taylor, appeals the Circuit Court of Raleigh County's June 5, 2015, order terminating his parental rights to K.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem, Mathew A. Victor, filed a response on behalf of the child. On appeal, petitioner alleges that the circuit court erred in denying his motion for a post-adjudicatory improvement period and in terminating his parental rights.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2013, the DHHR, with the mother as co-petitioner, filed an abuse and neglect petition alleging that petitioner abused, neglected, and abandoned K.C. The circuit court ordered the petition's filing and found that K.C. was in imminent, physical danger. The circuit court ordered that K.C. remain with the mother and that petitioner have no contact with K.C. or the mother. In November of 2013, the circuit court held a preliminary hearing. Petitioner contested paternity and moved the circuit court to order paternity testing. The circuit court ordered petitioner not contact or attempt to contact the mother or K.C. until further order of the circuit court. The preliminary hearing was continued until January of 2014.

---

[1]Multiple children were involved in the original petition, however, petitioner is the biological father of only one of the children, K.C. As such, only K.C. is part of petitioner's appeal.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

In December of 2013, the DHHR filed an amended petition alleging that petitioner had a long history of perpetrating domestic violence against the mother and exposing K.C. to the same. Specifically, the petition alleged that, after the preliminary hearing, petitioner made threatening remarks to the mother in the courtroom and that he assaulted the mother at the DHHR office. In March of 2014, the circuit court held a preliminary hearing on the amended petition. Petitioner waived his rights to the preliminary hearing and paternity testing revealed that he was K.C.'s father. The circuit court found probable cause that petitioner abused, neglected, and abandoned K.C.

In September of 2014, the circuit court held an adjudicatory hearing at which petitioner stipulated to the allegations contained in the petition. Petitioner moved the circuit court for a post-adjudicatory improvement period. Ultimately, the circuit court denied petitioner's motion and determined that petitioner committed at least three attacks upon the mother and that these incidents were "simply beyond issues of anger management" which could not be addressed by anger management therapy. The circuit court further found that petitioner initially denied paternity of K.C.

In April of 2015, the circuit court held a dispositional hearing. After hearing testimony, the circuit court found that petitioner's conduct toward the mother injured K.C. The circuit court found that terminating petitioner's parental rights was in K.C.'s best interests. The circuit court terminated petitioner's parental rights by order entered on June 5, 2015. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period or in the termination of his parental rights.

First, the court finds no merit to petitioner's argument that the circuit court erred in denying his motion for a post-adjudicatory improvement period. Pursuant to West Virginia Code § 49-6-12(b)(2), a circuit court may only grant a post-adjudicatory improvement period when the

parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." In support, petitioner argues that he never perpetuated violence against K.C. and that he could comply with all the aspects of an improvement period. However, we do not agree. Petitioner's argument on appeal ignores the numerous problems he exhibited during the proceedings below and the continued deterioration in the conditions of abuse and neglect.

Specifically, the record on appeal is clear that petitioner failed to comply with the circuit court's orders in this proceeding. The circuit court initially enjoined petitioner from contacting the mother or K.C. Despite the circuit court's order, petitioner assaulted the mother approximately three times during the pendency of this case. Following the preliminary hearing, petitioner assaulted the mother at the DHHR offices. Later, petitioner assaulted the mother at a restaurant and, as a result of that incident, he was charged with attempted murder. The circuit court found that these incidents were "simply beyond issues of anger management" and that petitioner's "animus . . . goes beyond anger that impels him into criminal misconduct in which he attempts to hurt" the mother. The circuit court also found that petitioner failed to provide any support for K.C., failed to visit K.C., did not participate in any rehabilitative programs, and remained incarcerated for approximately fifteen months during the nineteen-month procedural history of the case. Based upon this evidence, the circuit court found that petitioner was unlikely to fully participate in an improvement period. The Court finds no error in this determination.

As to petitioner's argument that the circuit court erred in terminating his parental rights, the Court finds no error. As addressed above, the evidence established that petitioner failed to comply with specific orders from the circuit court during the proceedings, and that he failed to maintain a stable and healthy environment for K.C.

Pursuant to West Virginia Code § 49-6-5(b)(3), there is no reasonable likelihood the conditions of abuse or neglect can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." Here, the circuit court was presented with sufficient evidence to make this finding in regard to petitioner based upon the evidence outlined above. Simply put, petitioner had no safe home for K.C., no job, and no income. Despite petitioner's long history of violence, he failed to participate in parenting education classes or batterer's intervention classes. The circuit court also found that the termination of petitioner's parental rights was in the child's best interests. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. Further, we have previously held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

3

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). As such, it was not error for the circuit court to terminate petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 5, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II